UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Chambers of
Leda Dunn Wettre
United States Magistrate
Judge

Martin Luther King Federal
Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101
(973) 645-3574

May 15, 2018

To:   All counsel of record

## LETTER OPINION & ORDER

RE:   *United States v. Kushner*
      **Civil Action No. 17-2372 (SDW) (LDW)**

Dear Counsel:

Before the Court is plaintiff United States' motion to amend the Complaint. ECF No. 20. Defendants David and Nanci Kushner, husband and wife, oppose the motion. ECF No. 21.[1] For the reasons stated below, the motion is **GRANTED**.

### I.   Background

The Government's Complaint in this action seeks federal income tax payments, penalties and interest from David Kushner for tax year 2004 and from both defendants for tax years 2005, 2006, 2007, and 2013. ECF No. 1 at ¶¶ 6, 12. Defendants answered the Complaint in May 2017. ECF Nos. 1, 8. The Court's Pretrial Scheduling Order required any motions to amend pleadings to be filed on or before January 30, 2018. ECF No. 16 ¶ 13.

The Government filed the instant motion within that period, seeking to amend the Complaint to remove claims against the Kushners for tax year 2013. ECF No. 20. It explains that the 2013 tax year is the subject of a criminal investigation by the Internal Revenue Service and that continuing this civil action as to that tax year may interfere with

---

1   The opposition was originally filed on behalf of both defendants by Mr. Kushner's current counsel. During the pendency of this motion, however, defendant Nanci Kushner retained separate counsel. (ECF No. 35). That counsel reported to the Court in a May 9, 2018 letter (ECF No. 36) that Mrs. Kushner will stand on the opposition papers previously filed by her prior counsel.

the investigation. *See id.* Defendants oppose the motion, arguing that any "dismissal" of this claim must be with prejudice, that plaintiff unduly delayed in filing the motion, and that the proposed amendment would prejudice the defendants because it would force them to defend against the claim in both this action and a criminal forum. ECF No. 21.

## II.   Discussion

Federal Rule of Civil Procedure 15(a) provides that a court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts grant leave to amend liberally in light of "the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (internal quotation marks omitted). Leave to amend should be granted unless there is "substantial or undue prejudice, . . . bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993). The burden is generally on the opposing party to demonstrate why the Court should not permit the amendment. *Luppino v. Mercedes-Benz USA, LLC*, Civ. A. No. 09-5582 (JAD), 2012 WL 850743, at *2 (D.N.J. Mar. 8, 2012).

Initially, defendants argue that the Court should treat the motion to amend as a request to voluntarily dismiss the 2013 tax liability claim under Federal Rule of Civil Procedure 41(a)(2) because the issues in this case have been joined by the filing of an answer. Further to this Rule, they argue, "any voluntary dismissal by plaintiff must be with prejudice." ECF No. 21 at 3-4. Rule 41(a), however, does not apply here. That Rule allows for voluntary dismissal of an action, whether by filing a notice prior to the filing of an answer or a motion for summary judgment, a stipulation, or, if those options are unavailable, "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(1), (2). Here, plaintiff is requesting removal of a single *claim*, not dismissal of the entire *action*, and accordingly, Rule 15(a) applies. *See Baily v. Shell Western E&P, Inc.*, 609 F.3d 710, 720 (5th Cir. 2010) ("Rule 41(a) dismissal only applies to the dismissal of an entire action—not particular claims."); *Smith, Kline and French Laboratories v. A.H. Robins Co.*, 61 F.R.D. 24, 29, 31 (E.D. Pa. 1973) (holding that plaintiff properly brought its motion to withdraw one count of the multi-count original complaint under Rule 15(a), not Rule 41(a), and granting motion to withdraw that count without prejudice).

Turning to the Rule 15(a) factors, the Court first finds that plaintiff did not unduly delay in seeking leave to amend. Delay only becomes "undue," warranting denial of leave to amend, when it is "protracted and unjustified," placing "a burden on the court or counterparty," or "indicate[ing] a lack of diligence sufficient to justify a discretionary denial of leave." *Mullin v. Balicki*, 875 F.3d 140, 151 (3d Cir. 2017). Here, plaintiff sought leave to amend less than a year after the Complaint was filed and within the deadline

2

to seek leave to amend pleadings set forth in the Court's Pretrial Scheduling Order. *See, e.g., Astrazeneca AB v. Perrigo Co. PLC*, Civ. A. No. 15-1057 (MLC) (TJB), 2015 WL 8483298, at *4 (D.N.J. Dec. 8, 2015) ("The Court would find it difficult to hold that a motion filed within the deadline set by the Court and known to the parties was the product of undue delay."). Moreover, this amendment will not place an unwarranted burden on the Court; in fact, if this action were to proceed as to claims concerning the 2013 tax year while the criminal investigation is pending, defendants would likely invoke their Fifth Amendment rights against self-incrimination during discovery. Granting plaintiff's motion, however, would obviate that issue. Defendants argue that plaintiff unduly delayed because plaintiff knew of the "option" to proceed with a criminal investigation before it filed this action, but chose to file this civil action "in the alternative." ECF No. 21 at 10. But the record does not suggest that the investigation was already pending when plaintiff filed the Complaint. ECF No. 20-1 at 4-5.[2] Accordingly, defendants have not shown that plaintiff unreasonably delayed in raising this issue.

Second, removing the tax liability for 2013 from this suit will not prejudice defendants. "'Prejudice' . . . involves serious impairment of the nonmovant's ability to present its case." *In re Bristol-Myers Squibb Sec. Litig.*, 228 F.R.D. 221, 228 (D.N.J. 2005). Courts will consider whether the amendment would force the opponent to expend significant additional resources to conduct discovery and prepare for trial, as well as whether it would significantly delay resolution of the action. *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). Here, the proposed amendment merely removes one of the tax liability years in this case. It will not require additional discovery, limit defendants' ability to defend themselves as to the remaining tax years at issue, or delay resolution of this action.

Defendants argue that they will be prejudiced if leave to amend is granted because they "will be required to expend additional resources on presenting the same defenses in two different forums." ECF No. 21 at 7. Furthermore, they argue, if the 2013 tax year remains in this action, their defenses to that claim will moot the need for a criminal investigation as to that year. *Id.* at 8-9. Plaintiff represents, however, that the criminal investigation will continue regardless of whether the motion to amend is granted, and the Court has no reason to doubt that representation. ECF No. 22 at 4. Finally, defendants argue that they would be prejudiced because they have already expended resources on discovery and preparing a defense as to the 2013 tax year. ECF No. 21 at 7. But this type

---

[2] Defendants assert that they obtained certain files through Freedom of Information Act requests supporting this argument. They also assert that plaintiff already evaluated whether to proceed with a criminal investigation before filing the Complaint. ECF No. 21 at 2-3. But defendants do not provide these files or any other evidence suggesting that the investigation began before plaintiff filed the Complaint.

3

of "[i]ncidental prejudice" is an "insufficient ground[] on which to deny leave to amend." *In re Caterpillar Inc.*, 67 F. Supp. 3d 663, 668 (D.N.J. 2014). Defendants' remaining arguments are either irrelevant to this motion or unpersuasive.

Therefore, for the foregoing reasons, the motion to amend is **GRANTED**. Plaintiff shall file the Amended Complaint within seven days of entry of this Order. The Clerk's Office is directed to terminate ECF No. 21.

**SO ORDERED.**

_____
Leda Dunn Wettre
United States Magistrate Judge

cc: Hon. Susan D. Wigenton, U.S.D.J.